Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
KATHERINE ROSE DE LA CRUZ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE ROSE DE LA CRUZ,<br><br>                Plaintiff,<br><br>   v.<br><br>LAW OFFICE OF HARRIS & ZIDE, a general partnership; and FLINT COREY ZIDE, individually and in his official capacity,<br><br>                Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*. |

Plaintiff, KATHERINE ROSE DE LA CRUZ (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    According to 15 U.S.C. § 1692:

      a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

      b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

      c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

      d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

3. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

7.  This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

8.  Plaintiff, KATHERINE ROSE DE LA CRUZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

9.  Plaintiff is informed and believes, and thereon alleges that Defendant, LAW OFFICES OF HARRIS & ZIDE (hereinafter "HARRIS & ZIDE"), is or was at all relevant times, a general partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.   HARRIS & ZIDE may be served as follows:  Law Offices of Harris & Zide, c/o Flint Corey Zide, General Partner, 1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.  The principal business of HARRIS & ZIDE is the collection of defaulted consumer debts using the mails and telephone, and HARRIS & ZIDE regularly attempts to collect debts alleged to be due another.  HARRIS & ZIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10.  Defendant, FLINT COREY ZIDE (hereinafter "ZIDE"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of

HARRIS & ZIDE at all relevant times.  ZIDE may be served at his current business address at:  Flint Corey Zide, Law Offices of Harris & Zide, 1445 Huntington Drive, Suite 300, South Pasadena, Los Angeles County, California  91030-4553.  The principal purpose of ZIDE's business is the collection of defaulted consumer debts due or alleged to be due another.  ZIDE is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  ZIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that ZIDE is liable for the acts of HARRIS & ZIDE because he is a general partner of HARRIS & ZIDE, he sets and approves HARRIS & ZIDE collection policies, practices, procedures, and he directly participated in and directed the unlawful activities described herein.

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI.  FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Discover Bank (hereinafter "the alleged debt").  The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Plaintiff is informed and believes, and thereon alleges, that sometime after default, on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to

Defendants for collection from Plaintiff.

14. Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. A true and accurate copy of the collection letter is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16. The collection letter (Exhibit "1") is dated September 8, 2014.

17. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

18. Thereafter, on or about September 25, 2014, Plaintiff mailed a letter to Defendants which stated in relevant part:

> I have enclosed a copy of the last collection letter that you sent to me.
>
> In this regard, please be advised that I dispute this debt and refuse to pay.
>
> Finally, please be advised that I am a senior citizen and any further collection communications will cause me undue stress and anxiety. See Cal Civil Code § 3345.
>
> PLEASE MARK YOUR FILES ACCORDINGLY.

19. A true and accurate copy of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20. Defendants received Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") on or about September 29, 2014.

21. A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

22. Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that Plaintiff was a senior citizen on September 29, 2014.

23. After receiving Plaintiff's letter disputing the alleged debt (Exhibit "2"), Defendants continued their collection efforts without first obtaining and mailing Plaintiff a validation of the debt being collected.

24. After receiving Plaintiff's letter notifying Defendants of her refusal to pay the alleged debt (Exhibit "2"), Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt.

25. Thereafter, Defendants sent a collection letter (Exhibit "4") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. The collection letter (Exhibit "4") is dated October 10, 2014.

27. A true and accurate copy of the October 10, 2014, collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

28. Thereafter, on or about November 5, 2014, Plaintiff's counsel, Fred W. Schwinn of the Consumer Law Center, Inc., sent a letter to Defendants via facsimile which stated in relevant part:

> Until advised otherwise, you should mark this matter as "disputed" pursuant to [15] U.S.C. §§ 1692e(8) and 1692g(b). I anticipate your cooperation herein.
>
> Finally, please note that our is a senior citizen and any further collection communications will cause her undue stress and anxiety. See Cal. Civil Code § 3345.

29. A true and accurate copy of Plaintiff's counsel's November 5, 2014, representation letter is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

30. A Memory Transmission Report attached as the last page of Exhibit "5" verifies that the 3 page document was transmitted to facsimile machine 1-626-799-8419 on November 5, 2014,

at 1:26 p.m., and that said transmission was completed, and that all pages were received, and that the Memory Transmission Report was generated which confirmed said transmission and receipt.

31. Thereafter, on or about December 26, 2014, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Discover Bank v. Katherine R. Delacruz, et al.*, Case No. 1-14-CV-274963, which sought to collect the alleged debt from Plaintiff.

32. A true and accurate copy of the *Discover Bank v. Katherine R. Delacruz* Complaint is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

33. As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

35. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

37. Defendant, HARRIS & ZIDE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

38. Defendant, ZIDE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

39. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

40. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants continued to communicate with Plaintiff in an attempt to collect the alleged debt, after receiving written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c);

    b. Defendants continued their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to the Plaintiff, in violation of 15 U.S.C. § 1692g(b).

41. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a) Assume jurisdiction in this proceeding;

    b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692g(b);

    c) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    d) Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

f)   Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
     Fred W. Schwinn, Esq.
     Attorney for Plaintiff
     KATHERINE ROSE DE LA CRUZ

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATHERINE ROSE DE LA CRUZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.